UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

JERRY DANTE GREER,

        Petitioner,

        v.                                        Case No. 13-C-0852

UNITED STATES OF AMERICA,

        Respondent.

---

DECISION AND ORDER DENYING AS MOOT GREER'S
PETITION AND AFFIDAVIT TO PROCEED WITHOUT PREPAYMENT
OF FEES AND/OR COSTS (DOC. 2), DENYING GREER'S MOTION
UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT A SENTENCE
BY A PERSON IN FEDERAL CUSTODY (DOC. 1), DENYING CERTIFICATE
OF APPEALABILITY, AND DISMISSING CASE

      Jerry Dante Greer filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence by a person in federal custody, as well as a petition and affidavit to proceed without prepayment of fees. After pleading guilty to count one of the indictment charging him with violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(a), and 846, Greer was sentenced to 96 months imprisonment with four years of supervised release. Judgment was entered on June 2, 2011, and Greer filed two notices of appeal. However, the Seventh Circuit dismissed his appeals pursuant to Federal Rule of Appellate Procedure 42(b) and Circuit Rule 51(f) on September 21 and November 28, 2011. Greer took no further action until he filed the pending motion on July 26, 2013.

      Section 2255 imposes a one-year limitation on the filing of a motion to vacate, set aside, or correct a sentence from the date on which the petitioner's judgment of conviction became final. Under any view of the facts, Greer's motion is untimely. However, the motion would not be time-barred if he is asserting a right that is "newly recognized by the

Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). In that case, the one-year statute of limitations period would run from the date that the Supreme Court recognized the right. 28 U.S.C. § 2255(f)(3).

Greer acknowledges that his motion is untimely, but cites the Supreme Court's decisions in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466. The Supreme Court in *Alleyne* overruled *Harris v. United States*, 536 U.S. 545 (2002), in holding that any fact that, by law, increases the mandatory minimum sentence is an "'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne,* 133 S. Ct. at 2155. Greer appears to argue that this court violated *Alleyne* when it considered conduct outside of the conspiracy case when imposing his sentence.

The section 2255(f)(3)'s extension of the date on which the limitations period begins only applies if the Supreme Court has "newly recognized" a right that it made "retroactively applicable to cases on collateral review." *Alleyne* establishes a new rule of constitutional law. *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013). However, the Seventh Circuit noted that the Supreme Court did not declare that this new rule applies retroactively on collateral attack. *Id.* Moreover, *Alleyne* is an extension of *Apprendi*, which implies that the Supreme Court will not declare it to be retroactive. *Id.* Hence, 28 U.S.C. § 2255(f)(3)'s extension does not apply.

Mindful that a court may disregard the one-year limitations period where the petitioner is actually innocent, *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931–32 (May 28, 2013), it is noted that Greer does not assert actual innocence. Indeed, he entered a guilty

2

plea to violating 21 U.S.C. §§ 841(a)(1), (b))(1)(a) and 846 and, in doing so, waived his right to a jury trial.

As a final matter, Rule 11 of the Rules Governing Section 2255 Proceedings requires that the court "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Where the court has rejected a petitioner's constitutional claims on procedural grounds, the court should not issue a certificate of appealability unless the prisoner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). No reasonable jurist would find that Greer has stated a valid claim of the denial of his constitutional right or find the court's procedural ruling debatable. Now, therefore,

IT IS ORDERED that Jerry Greer's petition and affidavit to proceed without prepayment of fees and/or costs is denied as moot inasmuch as no filing fee is required.

IT IS FURTHER ORDERED that Greer's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence by a person in federal custody is denied.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

IT IS FURTHER ORDERED that this case is dismissed.

Dated at Milwaukee, Wisconsin, this 2nd day of October, 2013.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE